UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GERALD HINRICK MILLER,

    Petitioner,

v.                      403CV160

WILLIAM TERRY, Warden,

    Respondent.

## ORDER

Gerald H. Miller's F.R.Civ.P. 60(b) motion for post-judgment relief is **DENIED**. Doc. # 25. Boiled down, Miller wants this Court to set aside recent Eleventh Circuit decisions in this habeas corpus case, including that court's recent decision to deny him leave to file a successive federal habeas corpus under 28 U.S.C. § 2244(d)'s "gatekeeping" provision. *See In Re: Gerald H. Miller*, 08-13855-J (11th Cir. 7/28/08) ("Application to file a second or successive Petition for Habeas Corpus is DENIED") (unpublished); *In Re: Gerald H. Miller*, 08-14504-F (11th Cir. 9/2/08) ("Application to file a second or successive Petition for Habeas Corpus is DENIED") (unpublished).

The appellate court, he contends, acted "with reckless disregard for the truth" by refusing to address his "actual innocence" claim. Doc. # 25 at 3. This Court, of course, is bound by the Eleventh Circuit's rulings, and Rule 60(b) can not be used as a means to circumvent the "gatekeeping provision" for successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005).[1]

Miller's motion for leave to proceed *in forma pauperis* (IFP) (doc. # 26) is **DENIED** as moot (no filing fee is collected on a 28 U.S.C. § 2255 motion, which in substance is what he just filed).

This __10__ day of November, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] As the Sixth Circuit explained:

> The text of Fed.R.Civ.P. 60(b) provides relief from judgment in limited circumstances such as mistake, fraud, or a jurisdictional flaw, including some grounds unrelated to the merits of the judgment. Fed.R.Civ.P. 60(b). The *Gonzalez* Court held that a Rule 60(b) motion should be construed as a successive habeas petition when it attacks the substance of the defendant's conviction, rather than the integrity of the judgment that granted or denied relief. *Gonzalez*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480. The Eleventh Circuit had previously held that all 60(b) motions should be construed as successive habeas motions, but the *Gonzalez* Court rejected that holding and adopted a more nuanced approach. The Court found that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion is not to be construed as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532, 125 S.Ct. 2641. When a 60(b) motion attacks the merits of a conviction or sentence, or "if it attacks the federal court's previous resolution of a claim on the merits," it should be construed as a habeas petition. *Id.*

*U.S. v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007). Miller attacks substance here, not procedure.